

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

NOV 0 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| SUSAN M. TOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Honorable |
| THE STATE OF ILLINOIS, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| OF EMPLOYMENT SECURITY, | ) | |
| JAMES JOHNSON, DIANE WARE | ) | **07CV6274** |
| and LIOUBOV VOITYNA aka "LUBA" | ) | **JUDGE PALLMEYER** |
| individually and in their official | ) | **MAGISTRATE JUDGE DENLOW** |
| capacities as an employees | ) | |
| Of the Illinois Department of Employment | ) | |
| Security, | ) | |
| Defendant, | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

NOW COMES the Plaintiff, SUSAN M. TOMAS (hereinafter "Plaintiff" and/or

"Tomas"), by and through her Counsel, John C. Ireland of the Law Office of John C. Ireland and

upon knowledge and belief as to all allegations of which she so possesses and  upon information

and belief as to all other allegations, complains of the Defendant, Illinois Department of

Employment Security  (hereinafter "Defendant" and/or "IDES"), JAMES JOHNSON, DIANN

WARE  and LIOUBOV VOITYNA aka "LUBA"  individually and in their official capacities as

an employees of the Illinois Department of Employment Security (Hereinafter collectively

referred to as "Individual Defendants" as follows:

## NATURE OF THE CASE

1.      Plaintiff, Susan M. Tomas, brings this six (6) Count Complaint against Defendant

IDES and the Individual Defendants seeking damages for Defendant's egregious national origin discrimination, harassment, unlawful demotion, retaliation and related illegal conduct constituting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 2000 *et seq.* ("Title VII"), violations of The Civil Rights Act of 1866, 42 U.S.C. § 1981, Illinois Civil Rights Act of 2003 (740 ILCS 23/), State Lawsuit Immunity Act (745 ILCS 5/), the First Amendment, The State Officials and Employees Ethics Act, Public Act 93-615 and Intentional Infliction of Emotional Distress.

2.    Plaintiff Tomas is an outstanding employee of Defendant that has made substantial contributions to Defendant's operations, and during all relevant times performed her job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

3.    Plaintiff Tomas was subjected to continuous, egregious, and shocking national origin discrimination on the basis of her national origin (Polish), and she was demoted on the basis of her national origin and in retaliation for her reports/complaints about race, national origin and disability discrimination. There was no legitimate non-discriminatory basis for her demotion.

4.    Plaintiff Tomas has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of the defendant's illegal conduct as alleged herein.

## JURISDICTION AND VENUE

5.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658, 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 et

seq., as amended by the "Civil Rights Act of 1991" and the "Civil Rights Act of 1866," 42

U.S.C. § 1981 and 1981(a). Additionally, jurisdiction is found in Illinois Civil Rights Act of

2003 (740 ILCS 23/), and State Lawsuit Immunity Act (745 ILCS 5/). Supplemental jurisdiction

over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367 (a).

6.    Venue is proper in the Eastern District of Illinois pursuant to 28 U.S.C.

§1391(b) and (c). Defendant IDES resides and does business in the Eastern District of Illinois

and the Plaintiff is a resident of the Eastern District of Illinois. IDES and the individual

Defendants are subject to personal jurisdiction in the State of Illinois for the purposes of this

lawsuit. All or a substantial part of the events or omissions giving rise to the claim occurred

within this judicial district.

## PARTIES

**a.    Plaintiff:**

7.    Plaintiff Tomas is a resident of the City of Des Plaines, and the State of Illinois.

8.    Plaintiff Tomas is employed by IDES from approximately August 15, 2001 to the

present time.

**b.    Defendants:**

9.    Defendant Illinois Department of Employment Security is an entity doing

business in the State of Illinois. IDES maintains physical retail locations throughout Illinois

including a location at 2550 W. Addison, Chicago, Illinois 60618, at which Plaintiff Tomas is

employed. Defendant IDES is a business providing governmental services.

10.    Defendant IDES is engaged in an industry affecting commerce and employs more

than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

3

11.     JAMES JOHNSON was and is at all times relevant to this complaint a resident of the State of Illinois and is an employee of the Defendant, IDES. Further, James Johnson is and was a supervisor of the Plaintiff.

12.     DIANN WARE was and is at all times relevant to this complaint a resident of the State of Illinois and is an employee of the Defendant, IDES. Further, DIANN WARE is and was a supervisor of the Plaintiff.

13.     LIOUBOV VOITYNA aka "LUBA" was and is at all times relevant to this complaint a resident of the State of Illinois and is an employee of the Defendant, IDES. Further, LIOUBOV VOITYNA aka "LUBA"  is and was a supervisor of the Plaintiff.

## PROCEDURAL REQUIREMENTS

14.     Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

15.     Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on January 5, 2006 alleging violations of Title VII. *See January 5, 2006, Charge of Discrimination attached hereto as Exhibit "A". (Hereinafter referred to as the "First Charge of Discrimination").*

16.     The commission issued a "Notice of Right to Sue" dated May 17, 2007. *See May 17, 2007 Notice of Right to Sue, attached hereto as Exhibit "B".*

17.     Plaintiff has timely filed a lawsuit within ninety (90) days from the date of the May 17, 2006 Notice of Right to Sue. This lawsuit is filed under Case Number 07 C 4542 and is currently before the Honorable Judge James B. Zagel.

18.     Plaintiff, after filing the First Charge of Discrimination, experienced significant

and prolonged retaliation due to her having filed the First Charge of Discrimination.

19.    Plaintiff also experienced discrimination based upon her national origin (Polish).

20.    Due to the retaliation and the continued national origin discrimination, the Plaintiff filed with the EEOC a second charge of discrimination on June 27, 2006. *See June , 2006, Charge of Discrimination attached hereto as Exhibit "C". (Hereinafter referred to as the "Second Charge of Discrimination").*

21.    The Department of Justice issued a "Notice of Right to Sue" dated September 14, 2007. *See September 14, 2007 Notice of Right to Sue, attached hereto as Exhibit "D".*

22.    Plaintiff has timely filed a lawsuit within ninety (90) days from the date of the *September 14,* 2006 Notice of Right to Sue.

## COMMON ALLEGATIONS

23.    During all relevant times herein, Defendant was an employer as defined by Title VII and all applicable laws.

24.    During all relevant times herein, Plaintiff was an employee of Defendant as defined by Title VII and all applicable law.

25.    Plaintiff is Caucasian.

26.    Plaintiff is of Polish ancestry.

27.    Plaintiff is a dedicated, hardworking and loyal employee that contributed to Defendant in a substantial and meaningful manner.

28.    Plaintiff is a qualified, competent, and dedicated employee that was subjected to a hostile work environment on the basis of her national origin and/or retaliated against Plaintiff because of her filing of the EEOC Charge and/or speaking out on matters of public concern.

29.    Defendants intended to discriminate against Plaintiff on the basis of national origin, and the discrimination concerned the terms, responsibilities, and conditions of Plaintiff's employment with Defendant. Defendants' discrimination and hostile work environment was so egregious, severe, and/or pervasive that it interfered with Plaintiff's ability to adequately perform her job responsibilities.

30.    Defendants intended to discriminate against Plaintiff on the basis of her national origin and/or retaliated against Plaintiff because of her filing of the EEOC Charge and/or speaking out on matters of public concern.

31.    Defendant's employees and agents, Diann Ware, James Johnson, Ruben Calderon and Luba Voityna were Plaintiff's direct supervisors and/or other supervisor's of the facility whom had the authority to promote and demote Plaintiff and other employees.

32.    Defendants treated Plaintiff differently than non-Polish employees in terms, privileges, benefits, responsibilities and conditions of her employment. The discriminatory and harassing conduct based on her national origin and/or in retaliation against Plaintiff because of her filing of the EEOC Charge and/or speaking out on matters of public concern included, however was not limited to, the following:

    a.    disciplined Plaintiff for complaining of unequal treatment based upon IDES customer's race and/or color and/or national origin and/or disability;

    b    did not give proper recognition for Plaintiff's work and attempted to take credit for the Plaintiff's good work on behalf of some customers;

    c.    denied or prevented the transfer of the Plaintiff to other IDES facilities based upon her national origin and/or in retaliation, while freely and easily allowing for transfers of other employees to other IDES facilities; (Hereinafter non-polish and employees not being

6

retaliated against collectively referred to as "other employees").

        d.     Denied Plaintiff overtime work that other employees were not denied; and

        e.     Denied Plaintiff training opportunities that other employees were not denied, such as receiving three weeks of training rather than four months such as other employees received;

        f.     Denied Plaintiff work privileges that other employees were not denied;

        g.     Plaintiff disciplined by Defendant while similarly situated other employees were not disciplined for the same performance issues;

        k.     Defendant disciplined Plaintiff in a loud, abrasive, humiliating, and disrespectful manner (intended to embarrass her) while not disciplining other employees in a similar fashion;

        l.     Denied Plaintiff raises and promotional opportunities that other employees were not denied;

        m.     Denied Plaintiff additional pay for processing of appeals which was paid to other employees at other facilities for accomplishing similar or same processing of appeals;

        n.     Substantially increased the Plaintiff's workload to prevent her training and learning of a new area of responsibility and/or to overwhelm the Plaintiff, while allowing other employees to have reduced workloads to allow for proper training;

        o.     Individual Defendant's used other employees work codes to alter the work accomplished by others to belittle the Plaintiff's work;

        p.     Repeatedly ordered Plaintiff to sign training logs or reports which contained inaccuracies, errors or other incorrect information and disciplined Plaintiff for refusing to sign the logs or reports;

7

q.    Defendant retaliated against Plaintiff for complaining about race discrimination and demoted Plaintiff because of her national origin and/or because of her complaints of discrimination.

33.    At all relevant times herein, Plaintiff was performing all of her job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for her demotion and/or discipline.

34.    Defendant engaged in conduct intended to harass, humiliate, and degrade Plaintiff with intentional malice and knowledge that it was violating federal and state laws prohibiting said conduct.

35.    Plaintiff complained about the discrimination and harassment, and Defendant was fully aware of the nature and scope of the discrimination and harassment.  However, Defendant has taken no action to stop, remediate, investigate or otherwise address the discrimination/harassment.

36.    Defendants retaliated against Plaintiff because of her filing of the EEOC Charge and/or speaking out on matters of public concern against Plaintiff for complaining about discrimination and demoted Plaintiff because of her national origin and/or because of her complaints of discrimination and/or her having spoken out on matters of public concern.

37.    Defendants' unlawful and discriminatory actions, including demotion, were intentional, malicious, and knowing. The discriminatory conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Defendants with the intent to violate applicable state and federal laws.

38. The discrimination, retaliation, and harassment, alleged herein,  was so severe and/or pervasive that it both subjectively and objectively created a hostile, threatening and unsafe work

8

environment that interfered with Complainant's ability to adequately perform her job responsibilities.

39.    Defendants' illegal actions as alleged herein have caused severe and egregious injury and damage to Plaintiff.

40.    Plaintiff suffered severe damages as a direct and proximate result of Defendants' illegal conduct, as alleged herein.

41.    All allegations herein are plead in the alternative to the extent necessitated for viable construction under applicable state and/or federal law.

## COUNT ONE
## DISCRIMINATION, HARASSMENT AND RETALIATION
## IN VIOLATION OF TITLE VII
## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.

### Against Defendant  IDES

42.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

41.    Plaintiff was an employee of the Defendant, IDES.

42.    Plaintiff is of Polish ancestry and is a member of a protected class.

43.    The Plaintiff always performed her duties to the legitimate expectations of her employer.

44.    Defendant, IDES, treated similarly situated employees of different national origins more favorably than the Plaintiff, as alleged herein.  Defendant intended to, knowingly engaged in, condoned and/or ratified severe national origin discrimination, harassment, retaliation and hostile work environment, as alleged herein.

45.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her national origin, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

46.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work environment for Plaintiff based on her national origin.  Defendant had a duty under Title VII to prevent the ongoing national origin hostile work environment.

47.    Plaintiff reported the national origin discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

48.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on national origin, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or retaliation.

49.    Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

50.    The discriminatory actions of the Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless

indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

51.    Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary were pretextual.

52.    The actions of Defendant in intentionally engaging in and condoning national origin discrimination, harassment, hostile work environment and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damage.

53.    There is a casual connection between the Plaintiff's national origin and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant, IDES.

## PRAYER FOR RELIEF FOR COUNT ONE

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

i.    Acceptance of jurisdiction of this cause;

ii.    Declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

iii.    A preliminary and permanent injunction against the Defendants, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and racial discrimination as set forth herein;

iv.    An Order requiring the Defendants to initiate and implement programs that: (i) provide equal employment opportunities and a non-hostile work environment for employees of Polish ancestry; (ii) remedy the effects of the Defendant's past and present unlawful

employment practices; and (iii) eliminate the continuing effects of the discriminatory practices described herein above;

v.     Damages sufficient to compensate Plaintiff for her injuries;

vi.    Reinstatement in position from which she was demoted

vii.   Front Pay;

viii.  Back Pay, inclusive of lost wages and any benefits;

ix.    Lost Future Earnings;

x.     Pre-judgment and post-judgment interest;

xi.    Punitive damages;

xii.   Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

xiii.  An award of litigation costs and expenses;

xiv.   Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT TWO
## HOSTILE WORK ENVIRONMENT
## VIOLATION OF TITLE VII
## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.

### Against Defendant IDES

54.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

55.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her national origin in violation of Title VII.

56.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of

12

discriminating against, depriving and tending to deprive equal employment to, and otherwise causing a hostile work environment for Plaintiff because of her national origin, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

57.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work environment for Plaintiff based on her national origin.  Defendant had a duty under Title VII to prevent the ongoing hostile work environment.

58.    Plaintiff reported the national origin discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

59.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on national origin, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or retaliation.

60.    Almost daily, Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

61.    The hostile work environment to which the Plaintiff was subjected unreasonably interfered with her work performance.

62.    The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless

13

indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

63.     Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

64.     The actions of Defendant in intentionally engaging in and condoning the hostile work environment, discrimination, harassment, and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

65.     There is a casual connection between the Plaintiff's national origin and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant, IDES.

## PRAYER FOR RELIEF FOR COUNT TWO

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

i.   Acceptance of jurisdiction of this cause;

ii.   Declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

iii.   A preliminary and permanent injunction against the Defendants, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and discrimination as set forth herein;

iv.   An Order requiring the Defendants to initiate and implement programs that:  (i) provide equal employment opportunities and a non-hostile work environment for employees of

14

Polish ancestry; (ii) remedy the effects of the Defendant's past and present unlawful

employment practices; and (iii) eliminate the continuing effects of the discriminatory

practices described herein above;

v.  Damages sufficient to compensate Plaintiff for her injuries;

vi.  Reinstatement in position from which she was demoted

vii.  Front Pay;

viii.  Back Pay, inclusive of lost wages and any benefits;

ix.  Lost Future Earnings;

x.  Pre-judgment and post-judgment interest;

xi.  Punitive damages;

xii.  Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

xiii.  An award of litigation costs and expenses;

xiv.  Any and all other relief that this Honorable Court may deem just and
equitable.

## **COUNT THREE**

## **RETALIATION IN VIOLATION OF FIRST AMENDMENT**

## **Against the Individual Defendants; JAMES JOHNSON, DIANN WARE and LIOUBOV**

## **VOITYNA aka "LUBA"**

66.  Plaintiff realleges and incorporates by reference all preceding paragraphs, as if

fully set forth herein.

67.  Plaintiff, in fulfilling her duties as an employee of IDES, spoke out on matters of

public concern, namely, the illegal, unlawful, racist and racially discriminatory policies and

practices in specific and non-conclusory manner including but not limited to:

      a.      Protesting against differential treatment of customers of IDES on the basis of their race, national origin, disability or other protected classifications as follows:

           i.      From June to December of 2005 and in January and February of 2007, a deaf Polish person forklift driver applied for unemployment compensation. This person's application was initially denied for improper reasons and discriminatory reasons and Plaintiff assisted and spoke up against this person's treatment. .

      b.      On June 6, 2006 Plaintiff reported a number of improprieties at the IDES to the Officer of the Executive Inspector General for the Agencies of Illinois Governor. (IOIG).

           i.      These improprieties included retaliation, discrimination and discrimination against a handicapped claimant and violation of ethical regulations regarding gifts.

      c.      On June 2, 2006 and June 19, 2006 Plaintiff reported a number of improprieties at the IDES to the IOIG.

           i.      These improprieties included retaliation, discrimination and discrimination against a handicapped claimant and violation of ethical regulations regarding gifts as described above and as follows:

      a.      On 4/4/2006, Plaintiff witnessed a person enter into Luba's office with a bag in his hand.

      b.      When the person left the office he no longer had the bag.

      c.      Plaintiff went to Luba's office and witnessed her placing the other person's bag in her own handbag.

      d.      Luba appeared to be uncomfortable while doing this and speaking to the Plaintiff

      e.      Plaintiff sent an email to Luba demanding that she receive proper training and

accusing her of accepting 'gifts' from clients.

f.    Further, Plaintiff accused Luba of accepting the gifts for favor given due to the National Origin of the gift giver; Ukrainian.

g.    Luba is also an Ukrainain.

h.    On 5/9/2006 a claimant by the name of "Svietlana" came to the IDES office with a bag and visited Luba and when she left she did not have the bag.


i.    Plaintiff also spoke out on the numerous issues as detailed throughout this Complaint which are also matters of public concern.

68.    Plaintiff's repeated complaints led to constant harassment in the workplace and ultimately her unlawful discipline and demotion.

69.    Plaintiff's interests in acting as an employee of IDES and as a citizen of the United States and the State of Illinois, and in reporting the actions of Defendant as alleged herein, support his claim to constitutional protection of her First Amendment freedom of speech.

70.    Because Plaintiff complained about the illegal, unlawful, fraudulent, racist and racially discriminatory policies and practices as alleged herein, her employment was negatively affected by demotion and discipline.

71.    JAMES JOHNSON, DIANN WARE and LIOUBOV VOITYNA aka "LUBA" deprived Plaintiff of her rights under the First Amendment of the United States Constitution, in violation of 28 U.S.C. 1983 and in violation of the Illinois Constitution.

72.    Individual Defendants' acts were and are the proximate cause of injury and damage to Plaintiff.

73.    Individual Defendants' actions have caused irreparable harm to Plaintiff,

personally and professionally.

74.     Individual Defendants' acted with malice, willfulness and reckless indifference to the rights of Plaintiff.

75.     Plaintiff was not and is not a policy maker for any of the named parties. Plaintiff in her employment position with IDES does not authorize, directly or indirectly, meaningful input into government decision making.

76.     The Plaintiff's expression of matters of public concern, did not cause the state injury, rather promoted efficient public services it performs.

77.     The Plaintiff's expression was made as a citizen and Plaintiff received no personal benefit for her selfless act.

78.     The Plaintiff by her expressions was attempting to "bring wrongdoings to light".

79.     The acts and actions of the individual Defendants violated clearly established rights which a reasonable person would have known.

80.     The Plaintiff complained of these wrongdoings to many employees of the State, IDES and the Governor of the State Of Illinois, Governor Rod R. Blogojevich

## PRAYER FOR RELIEF FOR COUNT FOUR

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

i.     Acceptance of jurisdiction of this cause;

ii.    Declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

iii.   A preliminary and permanent injunction against the Defendants, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and racial

discrimination as set forth herein;

iv.    Damages sufficient to compensate Plaintiff for her injuries;

v.    Reinstatement in position from which she was demoted

vi.    Front Pay;

vii.    Back Pay, inclusive of lost wages and any benefits;

viii.    Lost Future Earnings;

ix.    Pre-judgment and post-judgment interest;

x.    Punitive damages;

xi.    Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

xii.    An award of litigation costs and expenses;

xiii.    Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT FIVE

## RETALIATION IN VIOLATION OF THE STATE OFFICIALS AND EMPLOYEES ETHICS ACT

### Against all Defendants

81.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

82.    Plaintiff was and is an employee of IDES and the State of Illinois as defined by "The State Officials and Employees Ethics Act" (Hereinafter referred to as SOEEA).

83.    Plaintiff complained of discrimination and retaliation as alleged above and below.

84.    Plaintiff also complained of improper gifts given to "Luba" as follows:.

a.    On 4/4/2006, Plaintiff witnessed a person enter into Luba's office with a bag in

19

his hand.

b.      When the person left the office he no longer had the bag.

c.      Plaintiff went to Luba's office and witnessed her placing the other person's bag in her own handbag.

d.      Luba appeared to be uncomfortable while doing this and speaking to the Plaintiff

e.      Plaintiff sent an email to Luba demanding that she receive proper training and accusing her of accepting 'gifts' from clients.

f.      Further, Plaintiff accused Luba of accepting the gifts for favor given due to the National Origin of the gift giver; Ukrainian.

g.      Luba is also an Ukrainain.

h.      On 5/9/2006 a claimant by the name of "Svietlana" came to the IDES office with a bag and visited Luba and when she left she did not have the bag.

85.    Plaintiff was retaliated against because of her complaint

86.    The retaliation was motivated by her complaint.


## PRAYER FOR RELIEF FOR COUNT FIVE

**WHEREFORE**, Plaintiff demands judgment against Defendants in accordance with the SOEEA as follows:

i.      reinstatement of the employee to either the same position held before the retaliatory action or to an equivalent position;

ii.     2 times the amount of back pay;

iii.    interest on the back pay;

iv.     the reinstatement of full fringe benefits and seniority rights; and

v.      the payment of reasonable costs and attorneys' fees;

20

vi.   An award of litigation costs and expenses in accordance with Federal Rules of Civil

Procedure;

vii.  All remedies necessary to make the Plaintiff whole and to prevent future violations of the

SOEEA;

viii. Any and all other relief that this Honorable Court may deem just and

equitable.

## COUNT SIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if

fully set forth herein.

88.    Plaintiff is an employee of the Defendant.

89.    Plaintiff fulfilled her job duties with skill and expertise.

90.    Defendant's severe and outrageous acts, including but not limited to racial insults

and degradations, hostile environment, retaliatory environment, amounted to extreme and

outrageous conduct.

91.    The shocking, severe, and outrageous acts included statements such as:

i.    Repeatedly interrogating the Plaintiff by her managers in their offices and

in front of her co-workers and clients,

ii.   The interrogations became so intense and disturbing during one 'meeting'

the Plaintiff's chest pains become so severe that she immediately went to

the hospital for treatment,

iii.  Supervisor Johnson giving the Plaintiff contradictory orders, first yelling,

"Get the hell out of my office" then going on the work floor and in front of

21

her co-workers and clients yelling "Get back in the office",

iv.    Supervisor Johnson shaking his finger in Plaintiff's face and yelling "Listen you, you will Listen",

v.    Supervisor Johnson giving veiled threats, when told Plaintiff would file a grievance, Johnson said "Do not do this, if you do you will see what happens".

vi.    As a result of Johnson's repeated actions Plaintiff requested to her Union that she not be alone with him at any more meeting, rather that a witness and representative of the Union be present,

vii.    After one heated and contentious hearing, another manager said to Plaintiff that "You are on my shitlist, so you should be careful". This again was a threat to the Plaintiff personally and professionally,

viii.    Forced to train herself in the appeals of compensation denials,

ix.    Assigned her additional tasks to prevent her training and/or completion of other pressing assignments forcing her to chose between competing directives,

x.    Denial of time off to attend a real estate closing.

xi.    Shouting at the Plaintiff in front of her co-workers because "Luba" faxed a document rather than the Plaintiff.

xii.    Shouting at the Plaintiff in front of her co-workers because Plaintiff was not working fast enough; however, Plaintiff had received insufficient training to work any faster at the task assigned;

xiii.    Repeatedly ordering Plaintiff to falsify training reports;  that the Plaintiff

had received training she had not received and yelling at Plaintiff when she refused to falsify the documents and/or correct the documents errors;

xiv.    Ordering the Plaintiff to write down any work questions she had rather than to ask questions orally;

xv.    Demanding Plaintiff perform impossible tasks such as: requiring the Plaintiff to conduct twelve (12) claimant interviews prior to 6:00 PM; ie:

xvi.    "Luba" took Plaintiff's partly finished cases, completed them and took credit for all the work;

xvii.    "Luba" accepted the Plaintiff's finished cases prior to close of business, but reported that the cases were not completed in a timely manner;

xviii.    "Luba" delayed in assignment of cases to Plaintiff to cause her to be unable to complete them on time;

92.    Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

93.    Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

94.    The Plaintiff did, in fact, experience extreme emotional distress which took the form of the following symptoms:

i.    Chest pains,

ii.    Sleeplessness,

iii.    Headaches,

iv.    Increased heart rates,

23

    v.    Increased blood pressure,

    vi.    Fear for her health and safety,

    vii.    Worry for her health, financial future and professional future.

95.    By the extreme emotional distress, the Plaintiff was thereby damaged.

96.    The Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

97.    Plaintiff sought treatment for the emotional distress by:

    i.    Receiving the medical advice of her family doctor who proscribed sleep medication and other medications for the distress and referred her to a professional counselor,

    ii.    Received counseling for the distress from a professional counselor for a period of six months,

    iii.    Took Family Medical Leave (FMLA) to see the counselor after exhausting her sick days,

    iv.    Took a stress test which eliminated possible physical cause for chest pains.

**PRAYER FOR RELIEF FOR COUNT SIX**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i.    Acceptance of jurisdiction of this cause;

ii.    Declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

iii.    A preliminary and permanent injunction against the Defendants,    officers,    owners,

agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and racial discrimination as set forth herein;

iv. Damages sufficient to compensate Plaintiff for her injuries;

v. Reinstatement in position from which she was demoted

vi. Front Pay;

vii. Back Pay, inclusive of lost wages and any benefits;

viii. Lost Future Earnings;

ix. Pre-judgment and post-judgment interest;

x. Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

xi. An award of litigation costs and expenses;

xii. Any and all other relief that this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: November 5, 2007

Respectfully submitted,

By: _____
JOHN C. IRELAND
Attorney for the Plaintiff

John C. Ireland
The Law Office of John C. Ireland
1921 Charles Lane
Aurora Illinois
60505
630-464-9675
Facsimile 630-206-0889
Attorneyireland@aol.com
Attorney Number 6283137

26

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2006-00354 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Susan M. Tomas** | **(847) 824-5001** | |

Street Address / City, State and ZIP Code

**8901 Western Avenue #406, Des Plaines, IL 60016**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **IL DEPT. EMPLOYMENT SECURITY** | **500 or More** | **(773) 296-6021** |

Street Address / City, State and ZIP Code

**2550 W. Addison, Chicago, IL 60618**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **05-01-2005**  Latest **05-01-2005**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on August 15, 2001. On or around May 1, 2005, I was given a written discipline. A similarly situated non-White was not disciplined for the same performance issue.

I believe I have been discriminated against based on my race, White, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 05, 2006 — *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

"A"

**Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

To: Susan M. Tomas
8901 Western Avenue, #406
Des Plaines, IL 60016

From: Equal Employment Opportunity Commission
500 West Madison
Suite 2800
Chicago, Illinois 60661

**Certified No.: 7001 0320 0006 1099 6136**

[      ]  *On behalf of a person aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-00354 | Percile Bryant, Jr., Investigator | (312) 353-8180 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[      ]  The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[      ]  Respondent employs less than the required number of employees.

[      ]  Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[      ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[      ]  The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[      ]  The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[  X  ]  The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[      ]  Other (*briefly state*) _____

### - NOTICE OF SUIT RIGHTS -

[  X  ]  **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[      ]  **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[      ]  **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

5-17-07                              John P. Rowe

                              John P. Rowe, District Director

Enclosures
Information Sheets
Copy of Charge
: Respondent(s)

Illinois Department of Employment Security



EEOC Form 161 (Test 5.95)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
[ ] FEPA
[X] EEOC    440-2006-06835

**Illinois Department Of Human Rights**    and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Susan M. Tomas** | **(847) 824-5001** | **03-14-1957** |

Street Address: **8901 Western Avenue #406, Des Plaines, IL 60016**    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **IL DEPT OF EMPLOYMENT SECURITY** | **Unknown** | **(773) 296-6021** |

Street Address: **2550 W Addison, Des Plaines, IL 60016**    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-05-2006**    Latest **06-27-2006**
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about August 16, 2001. My current position is Program Representative. On or about January 5, 2006 I filed EEOC Charge No. 440-2006-00354, since then I have been harassed, demoted, disciplined and subjected to different terms and conditions of employment.

I believe I have been discriminated against because of my national origin, Polish, and in retaliation for filing an EEOC Charge in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Jun 27, 2006**    *Charging Party Signature*
Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5057 7933

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Ms. Susan M. Tomas                           September 14, 2007
c/o John C. Ireland, Esquire
Attorney at Law
1921 Charles Lane
Aurora, IL  60505

Re:  EEOC Charge Against Illinois Dept. of Employment Security
       No. 440200606835

Dear Ms. Tomas:

    Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

    This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                         Sincerely,

                    Rena J. Comisac
              Acting Assistant Attorney General
                  Civil Rights Division

            by     *Karen J. Ferguson*

                   Karen L. Ferguson
              Supervisory Civil Rights Analyst
              Employment Litigation Section

cc:  Chicago District Office, EEOC
     Illinois Dept. of Employment Security