IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN M. TOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 CV 4542 |
| v. ) | Consolidated with 07 CV 6274 |
| ) | |
| THE STATE OF ILLINOIS, ) | Honorable James B. Zagel |
| ILLINOIS DEPARTMENT OF ) | |
| OF EMPLOYMENT SECURITY, ) | Magistrate Judge Nan R. Nolan |
| JAMES JOHNSON, DIANE WARE ) | |
| and LIOUBOV VOITYNA aka "LUBA" ) | |
| individually and in their official ) | |
| capacities as employees of the ) | |
| Illinois Department of Employment ) | |
| Security, ) | |
| Defendants. ) | |

**THE STATE OF ILLINOIS' MOTION TO DISMISS
PLAINTIFF'S FIRST CONSOLIDATED COMPLAINT**

Defendant STATE OF ILLINOIS, by its attorney LISA MADIGAN, Attorney General of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court to dismiss these consolidated actions against the State of Illinois. In support of this motion, the State of Illinois states as follows:

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" See Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). In addition, a plaintiff pleads herself out of court if the allegations of the complaint fail to "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (citing Bell Atlantic Corp., 127 S. Ct. at 1965,

1973 n.14).

Plaintiff's First Consolidated Complaint does not include any allegations or claims against the State of Illinois, although the case caption lists the State of Illinois as a defendant. Federal Rule of Civil Procedure 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). A plaintiff need not plead legal theories in his complaint. See McDonald v. Household Int'l, Inc., 425 F.3d 424, 427 (7th Cir. 2005). However, a plaintiff must plead enough to put a defendant on notice of the claim. See Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). Since the Complaint does not make any allegations against the State of Illinois, Plaintiff has failed to plead enough to put the State of Illinois on notice as to what any claims against it may be. Accordingly, the Complaint against the State of Illinois should be dismissed.

In addition, the State of Illinois is not a proper defendant in this employment discrimination action. In such a case, the "employer" is generally the particular state or local agency. See generally Hearne v. Board of Educ. of City of Chicago, 185 F.3d 770, 777 (7th Cir. 1999); Holman v. Indiana, 211 F.3d 399 (7th Cir. 2000). In Hearne, the Seventh Circuit held that in suits against state entities, the term "employer" "is understood to mean the particular agency or part of the state apparatus that has actual hiring and firing responsibility." Hearne, 185 F.3d at 777. The Hearne court dismissed the Governor's office, the State of Illinois, and the Illinois Educational Labor Relations Board from the suit, holding that those defendants were not the plaintiffs' "employer" under Title VII because they did not possess actual hiring and firing responsibility. Id.

The identity of the employer in such Title VII cases is so clear that the Seventh Circuit has decided the issue *sua sponte* without the parties' briefing. In Holman, the plaintiffs,

employees of the Indiana Department of Transportation (IDOT), brought suit against both the State of Indiana and IDOT. In that case, the Seventh Circuit noted that "IDOT, and not the State of Indiana generally, has 'actual hiring and firing responsibility'" as to the plaintiffs. 211 F.3d at 401, n.1. As in <u>Hearne</u>, the Seventh Circuit held that the <u>Holman</u> plaintiffs could not maintain Title VII claims against the State, since the State was not plaintiffs' employer. <u>See id.</u> Because the State of Illinois was not Plaintiff's employer in this case, the First Consolidated Complaint against it should be dismissed.

WHEREFORE, based on the foregoing reasons, Defendant STATE OF ILLINOIS respectfully requests that this Honorable Court dismiss these consolidated actions against the State of Illinois with prejudice, and for such further relief as this Court deems proper.

Respectfully submitted,

THE STATE OF ILLINOIS,
Defendant

By:   s/ Angela Overgaard Luning

LISA MADIGAN
Attorney General of Illinois

ANGELA OVERGAARD LUNING
Assistant Attorney General
General Law Bureau
100 W. Randolph, 13th Floor
Chicago, Illinois 60601
(312) 814-4355